IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 20-00021-KD-MU |
| | ) |
| SYLVIA GUERRA | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Sylvia Guerra's motion for a new trial (Doc. 141) and the United States' Response in Opposition (Doc. 154). Upon consideration, Defendant Guerra's motion is **DENIED**.

**I.   Background**

The jury trial in this case was held November 9-10, 2020 before the undersigned United States District Judge. On November 10, 2020, the jury returned a verdict of guilty as to Count One of the Indictment (conspiracy with the intent to distribute a Schedule II Controlled Substance, to wit: Cocaine, in violation of 21 U.S.C. § 841(a)(1)) and guilty as to Count Two of the Indictment (possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1)).

On January 11, 2021, Defendant Guerra timely filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] Defendant Guerra argues, in sum, that the Court

---

[1] The Court granted motions for extensions of time because Defendant Guerra retained different counsel to represent her post-trial at sentencing and appeal. Defendant Guerra's new attorney required additional time to file post-trial motions in order to familiarize himself with the facts and legal issues of the case before filing post-conviction motions. Defendant Guerra's motion for new trial was thus timely filed within the timeframe set forth in the Court's orders granting extensions of time.

1

erred in issuing the "deliberate ignorance" jury instruction and that without the erred instruction, the verdict is against the great weight of the evidence. See generally (Doc. 141).

II. **Legal Standard**

Rule 33 of the Federal Rules of Criminal Procedure empowers a district court to vacate a judgment and grant a new trial if the interest of justice requires. Fed. R. Crim. P. 33(b). "[T]here are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence, which must be filed within three years of the verdict pursuant to Rule 33(b)(1); and the other based on any other reason, typically the interest of justice, which must be filed within seven days of the verdict, pursuant to Rule 33(b)(2)." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). And see United States v. Ifediba, 2019 WL 6219209, at *2 (N.D. Ala. Nov. 21, 2019) (citing same).

The decision whether to grant or deny such a motion rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987). The court "has very broad discretion in deciding whether there has been a miscarriage of justice." United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988). "In evaluating a motion for a new trial, [a] district court need not view the evidence in the light most favorable to the verdict." United States v. Ward, 274 F.3d 1320, 1323 (11th Cir. 2001) (citations and internal quotations omitted). However, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Ifediba, 2019 WL 6219209, at *2 (citing United States v. Martinez, 763 F.2d 1297, 1312–13 (11th Cir. 1985)). Importantly, motions for new trial are "highly disfavored," and district courts "should use great caution in granting a new trial motion based on newly discovered evidence." United States v. Jernigan, 341 F.3d 1273,

1287 (11th Cir. 2003). And see Martinez, 763 F.2d at 1313 (holding motions for new trials should be granted "sparingly," and only in "those really 'exceptional cases.'").

### III.   Analysis

#### 1.   Alleged Erroneous Jury Instruction

Defendant Guerra first takes issue with the Court's decision to "issu[e] a deliberate ignorance instruction in this case, because the concepts of deliberate avoidance and the specific intent requisite to a conspiracy or scheme are mutually exclusive." (Doc. 141 at 7). Defendant Guerra argues this instruction "should only be given in cases where the crime charged only requires the government to prove general intent or knowledge of fact." (Id.). Per Defendant Guerra, an instruction on deliberate ignorance was improper in her case "where the crimes charged required the Government to prove not only that the defendant acted knowingly but willfully and with the specific intent to commit the fraudulent conduct." (Id.). Specifically, Defendant Guerra contends conspiracy is a specific intent crime and "deliberate avoidance" and "specific intent" are mutually exclusive. (Id. at 10).

The Eleventh Circuit has stated that "[g]enerally district courts 'have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts,'" and "we will not reverse a conviction on the basis of a jury charge unless 'the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial was as to violate due process.'" United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000) (quoting United States v. Arias, 984 F.2d 1139, 1143 (11th Cir. 1993)); see Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1196 (11th Cir. 2004) (affirming denial of motion for new trial where the appellate court was not left with substantial and ineradicable doubt that the

jury was misled by the instruction given); Christopher v. Cutter Laboratories, 53 F.3d 1184, 1190 (11th Cir. 1995) ("A district court has broad discretion in formulating jury instructions.").

"Motions for new trial on the basis of erroneous and prejudicial jury instructions are committed to the discretion of the trial court and reviewed to ascertain whether there has been a clear abuse of that discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1313 (11th Cir. 2000) (citing Christopher v. Cutter Laboratories, 53 F.3d 1184, 1190 (11th Cir. 1995)). "The court should order a new trial where [the jury] instructions do not accurately reflect the law, and the instructions as a whole do not correctly instruct the jury so that [the court is] left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." United States v. AseraCare Inc., 153 F. Supp. 3d 1372, 1384 (N.D. Ala. 2015) (quoting Broaddus v. Fla. Power Corp., 145 F.3d 1283, 1288 (11th Cir. 1998) (internal quotations omitted)).

Specifically, the "deliberate avoidance" jury charge Defendant Guerra objects to, in the context of the surrounding instructions, reads as follows:

> A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.
>
> But finding that Guerra is criminally responsible for the acts of another person requires proof that Guerra intentionally associated with or participated in the crime— not just proof that Guerra was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that Guerra was a willful participant and not merely a knowing spectator.
>
> If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that Defendant was aware of a high probability that the fact existed— unless the Defendant actually believed the fact didn't exist.
>
> "Deliberate avoidance of positive knowledge"— which is the equivalent of knowledge—occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

> So you may find that Guerra knew about the possession of a controlled substance if you determine beyond a reasonable doubt that Guerra: (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed her eyes.
>
> But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that Guerra knew about the possession of the controlled substance.
>
> The government need not prove that Guerra had knowledge of the quantity and type of drugs involved as long as she knew she was dealing with a controlled substance.

(Doc. 109-2 at 7-8). And see (Doc. 141-3 at 8-9).

As the Eleventh Circuit explained in U.S. v. Menendez, 315 Fed.Appx. 103, 110 (11th Cir. 2008):

> Deliberate ignorance is the equivalent of knowledge. United States v. Peddle, 821 F.2d 1521, 1524 (11th Cir. 1987). Jury instructions are to be considered in the context of the entire charge. United States v. Johnson, 139 F.3d 1359, 1366 (11th Cir. 1998). Where a party makes no objection to a jury instruction, we review only for plain error. United States v. Starke, 62 F.3d 1374, 1381 (11th Cir. 1995). We may correct plain error if there is (1) error, (2) that is plain, and (3) that affects substantial rights, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Arbolaez, 450 F.3d at 1291.
>
> The district court did not plainly err. Its "deliberate ignorance" instruction was explicitly limited to knowledge, not willfulness or specific intent. Further, the district court repeatedly instructed the jury that the government was required to prove beyond a reasonable doubt willfulness or the specific intent to deceive before the jury could convict Grigorian or Menendez. "The instruction presented to the jury, therefore, permitted the jury to substitute [deliberate ignorance] for knowingly, but not willfully." United States v. Schlei, 122 F.3d 944, 974 (11th Cir. 1997)

315 Fed.Appx. at 110.

Here, the parties did not object to the deliberate avoidance instruction. (Doc. 141-2 at 6). And, the jury charges "repeatedly instructed the jury that the government was required to prove beyond a reasonable doubt willfulness…before the jury could convict" Guerra. Menendez, 315 Fed.Appx. at 110. The jury was instructed that to find Guerra guilty they had to find she "intentionally join[ed] with the other person to commit a crime" and that she "intentionally

5

associated with or participated in the crime." (Doc. 141-3 at 8). Moreover, the jury was instructed that to find Guerra guilty, they "must find beyond a reasonable doubt, that Guerra was a willful participant and not merely a knowing spectator." (Id.). The deliberate avoidance instruction was limited to the knowledge component; it "therefore, permitted the jury to substitute [deliberate ignorance] for knowingly, but not willfully." Menendez, 315 Fed.Appx. at 110.

Moreover, "[a]n instruction on deliberate avoidance is appropriate only if it is shown that the defendant was aware of a high probability of the fact in question and that the defendant purposefully contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." U.S. v. Richard, 520 Fed.Appx. 809, 811 (11th Cir. 2013) (quoting United States v. Puche, 350 F.3d 1137, 1148 (11th Cir. 2003)). "The district court should not 'instruct the jury on 'deliberate ignorance' when the relevant evidence points only to *actual knowledge*, rather than deliberate avoidance.'" U.S. v. Blowe, 265 Fed.Appx. 791, 797 (11th Cir. 2008) (citing United States cv. Rivera, 944 F.2d 1563, 1571 (11th Cir. 1991)). "This error is harmless, however, if the jury was properly instructed that finding deliberate ignorance requires proof beyond a reasonable doubt, the jury was also instructed on the theory of actual knowledge and there was sufficient evidence to support the actual knowledge theory." Richard, 520 Fed.Appx. at 811 (citing United States v. Stone, 9 F.3d 934, 937-38 (11th Cir. 1993) and United States v. Steed, 548 F.3d 961, 977 (11th Cir. 2008)).

In this case, the Court instructed the jury that they "may find Guerra knew about the possession of a controlled substance if [they] determine[d], beyond a reasonable doubt, that she actually knew about the controlled substance or had every reason to know but deliberately closed her eyes." (Doc. 141-3 at 9). The Court stressed "negligence, carelessness, or foolishness isn't enough to prove that Guerra knew about the possession of a controlled substance." (Id.).

6

And, the facts at trial supported an inference that Defendant Guerra was aware of a high probability that she was transporting contraband and that she deliberately avoided learning more. Compare with Richard, 520 Fed.Appx. at 811 (finding the evidence supported an inference defendant knew he was transporting contraband but avoided knowledge of the contents). After being arrested, Defendant Guerra told HSI Special Agent Matthew Chakwin (Agent Chakwin) that she and her co-defendant Turner had been in "an on-and-off again relationship with him for the past 3 years." (Doc. 141-1 at 111). She also told Agent Chakwin she knew co-defendant Turner "had used either car hauling or other legitimate businesses in the past to traffic narcotics…" (Id. at 114). While talking to Agent Chakwin, Defendant Guerra also said she overheard co-defendant Turner talking on the phone to an unknown person about "white girls;" she explained that she recently learned "white girls" was code for cocaine or bricks of cocaine. (Id. at 116). Defendant Guerra told Agent Chakwin there was a duffle bag in the bar of the car that she did not recognize. (Id.). She also said co-defendant Turner received multiple phone calls during their trips during which he spoke in a very low voice which was uncommon for him. (Id. at 117). Defendant Guerra explained co-defendant Turner "asked her—or had tried to distract her any time she would go to the sleeper cell, and she didn't understand why but decided not to ask any questions about any of his behavior." (Id.). Agent Chakwin recounted Defendant Guerra explained to him "that the phone call around Thanksgiving [about "white girls"], the lack of a legitimate load of cargo…Mr. Turner's behavior during the drive, it all contributed to her belief that something illegal was going on." (Id. at 118). Accordingly, the deliberate avoidance instruction was appropriate because the evidence showed "the defendant was aware of a high probability of the fact in question and that the defendant purposefully contrived to avoid learning all of the facts…" Richard, 520 Fed.Appx. at 811.

**2. Sufficiency of the Evidence**

Defendant Guerra next argues "stripping away the impermissible 'deliberate avoidance' jury instruction, the verdict is against the weight of the evidence." (Doc. 141 at 16). As discussed *supra*, the instruction was not given in error. Thus, Guerra's second contention is moot.

**IV.  Conclusion**

For the reasons discussed herein, Defendant Guerra's motion for a new trial (Doc. 141) is **DENIED.**

**DONE** and **ORDERED** this **2nd** day of **February, 2021.**

> <u>s / Kristi K. DuBose</u>
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**